UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA      )
                              )
v.                            )      No. 2:23-CR-00079-1-JRG-CRW
                              )
ERIC LEBRON BURNEY            )

**ORDER**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Cynthia R. Wyrick [Doc. 20], in which she recommends that this Court deny Defendant Eric Lebron Burney's Motion to Suppress, and Defendant's Objections to the Report and Recommendation [Doc. 25]. For the following reasons, the Court **OVERRULES** Defendant's objections [Doc. 25], **ADOPTS IN FULL** the Magistrate Judge's Report and Recommendation [Doc. 20], and **DENIES** Defendant's Motion to Suppress [Doc. 16].

I.      **BACKGROUND**

During a traffic stop on April 1, 2023, state troopers recovered methamphetamine and other evidence of narcotics trafficking from Defendant's vehicle. [Doc. 27]. A grand jury indicted Defendant on one count of possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). [Doc. 3]. Defendant subsequently filed a motion to suppress [Doc. 16] and the United States responded in opposition [Doc. 18]. The Magistrate Judge held an evidentiary hearing. [Doc. 19]. On February 9, 2024, the Magistrate Judge filed her report, recommending that Defendant's motion to suppress be denied. [Doc. 20]. On February 23, 2024, Defendant filed timely objections to the Report and Recommendation. [Doc. 25]. The United States did not file a response to Defendant's objections.

Defendant did not object to the basic facts outlined in the Report and Recommendation, but he did object to the findings and legal conclusions related to those facts. After reviewing the record before the Court and finding the facts to be consistent with the Report and Recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the Report and Recommendation. [Doc. 20 at 3–6]. The Court will refer to the facts only as necessary to analyze the issues raised in the objection.

## II.    DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence." Fed. R. Crim. P. 59(b)(1). Within fourteen days after being served with a copy of the report and recommendation on a motion to suppress, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2).

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). "The district court is not required to review – under a de novo or any other standard – 'any issue that is not the subject of an objection.'" *Dickson v. Green Dot Pub. Sch.*, No. 22-cv-2070, 2022 U.S. Dist. LEXIS 157139, at *5 (W.D. Tenn. Aug. 31, 2022) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). After reviewing the evidence, this Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Here, Defendant challenges the legality of the warrantless search of his vehicle. [Doc. 25]. He argues, in his objections, that the Magistrate Judge erred by (1) finding that the scope of the troopers' search of his vehicle was supported by probable cause; (2) finding that the odor of marijuana provided the troopers with probable cause to search the vehicle; (3) refusing to allow

2

defense counsel to question Trooper Connors regarding the similarity between the odors of illegal and legal marijuana products; and (4) finding that Defendant's request for Jencks Act material was irrelevant to its analysis. [*Id.* at 21–22].

### A.     Scope of the Search

First, Defendant contends that "[t]he search was unlawful because the officers had no evidence of trafficking and exceeded the scope of the probable cause they had developed." [Doc. 25 at 11]. Defendant asserts that "the 'object of the search' should have been evidence of illegal marijuana *use*" and the search was overly broad because individuals do not store marijuana for personal use in the framing of a vehicle. [*Id.* at 14]. In addition, Defendant disagrees with the Magistrate Judge's finding that the officers obtained additional probable cause during the search.

For the most part, this objection is a restatement of the arguments Defendant presented to the Magistrate Judge. To the extent Defendant simply reiterates his previous arguments, the objection is waived. *D.S. v. Knox Cnty.*, No. 3:20-cv-240, 2022 U.S. Dist. LEXIS 54171, at *31–32 (E.D. Tenn. Mar. 25, 2022) ("Courts in the Sixth Circuit have routinely held that objections that merely restate the arguments previously presented are improper."); *see also Hillman v. Austin*, No. 2:20-cv-03225-DCN-MGB, 2022 U.S. Dist. LEXIS 176036, at *15 (D.S.C. Sep. 27, 2022) ("A party's objections to an R&R that simply restate the party's argument before the magistrate judge and argue[] for a different outcome are not 'cognizable and specific' objections.").

Moreover, the objection is without merit. Under the automobile exception to the warrant requirement, an officer who has probable cause to believe that a vehicle contains evidence of criminal activity may search any area of the vehicle in which the evidence might be found. *United States v. Avant*, 650 F. App'x 890, 892 (6th Cir. 2016) (citing *Arizona v. Gant*, 556 U.S. 332, 347 (2009)) (internal quotation marks omitted). Searching the framing of a vehicle based solely on

evidence that the driver smoked marijuana might not be reasonable. However, the odor of marijuana was not all that justified the search in this case. Prior to the search, the officers stopped Defendant for illegally dark window tint and Defendant admitted to smoking marijuana. [Doc. 20 at 3–4]. Also, during the search, the officers found a Percocet in plain view on the seat, apparent pry marks on the plastic trim covering the floorboard, loose carpeting, and the center console which was loose and easily removed, providing an accessible space underneath. [Doc. 20 at 4–5; *see also* Doc. 23 at 16–18, 20, 22–24]. These factors provided the officers with probable cause to believe the vehicle was being used to transport contraband.

Defendant argues that the poor condition of his vehicle was attributable to his poverty, and therefore should not be considered evidence of illegality. [Doc. 25 at 15]. However, "[p]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Likins*, 84 F. App'x 504, 511 (6th Cir. 2003) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). Here, the damage to the car was consistent with the vehicle having been used to transport contraband. Therefore, even though there may have been an innocent alternative explanation, the condition of the car provided probable cause for a more extensive search.

On the record before the Court, the officers did not impermissibly expand the scope of the search. Hence, this objection is **OVERRULED**.

### B.        Odor of Marijuana as Basis for Search

Defendant's second objection is more a challenge to Sixth Circuit precedent than an assignment of error to the Magistrate Judge. Defendant argues that "[t]he search was unlawful because the smell of marijuana is no longer evidence of illegality." [Doc. 25 at 15]. He acknowledges that the Sixth Circuit has upheld warrantless searches based on the smell of

marijuana emanating from a vehicle. [*Id.* at 16]. However, he contends that the Sixth Circuit cases fail to recognize that since 2018 there has been an "explosion of legally accessible cannabis products that smell identical to illegal marijuana." [*Id.* at 16–17].

Defendant did not raise this argument in his motion to suppress. Therefore, the objection is waived. *Williams v. Andreopoulos & Hill, LLC*, No. 23-1156, 2023 U.S. App. LEXIS 30003, at *10 (6th Cir. Nov. 9, 2023) ("A party may not . . . raise new arguments or allegations for the first time in an objection to magistrate judge's report and recommendation."). Even if the objection were not waived, it is without merit. As Defendant acknowledges, the Sixth Circuit has held that the odor of marijuana justifies the warrantless search of a vehicle. *See, e.g. United States v. Johnson*, 707 F.3d 655, 658 (6th Cir. 2013) (quoting *United States v. Bailey*, 407 Fed. App'x 27, 28–29 (6th Cir. 2011) ("[A]n officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search."). This Court is bound by that precedent. Therefore, the objection is **OVERRULED.**

### C.    Odor of Marijuana Variants

Next, Defendant claims that the Magistrate Judge erred by limiting the scope of his cross examination of Trooper Connors. [Doc. 25 at 22]. During his cross examination of Trooper Connors, Defendant attempted to elicit testimony that all forms of marijuana smell the same. [Doc. 23 at 36]. The United States objected on relevance grounds and the Magistrate Judge sustained the objection. [*Id.* at 36, 38]. Defendant asserts that the Magistrate Judge should have overruled the United States' objection  because the similarity between the odor of legal and illegal marijuana is "essential to the question of whether Trooper Connors had a reasonable suspicion to conduct a search so broad . . ." [Doc. 25 at 22].

The logic of Defendant's argument is unclear. He seems to be saying that the officers lacked authority to search the framing of the vehicle because it was possible that the marijuana the officers smelled was legal. In any event, the argument fails because the troopers' search of the vehicle was not based solely on the odor of marijuana. As noted above, the troopers developed additional probable cause during the course of the search. As such, the objection is **OVERRULED**.

### D. Jencks Act Material

Last, Defendant asserts that the Magistrate Judge erred by denying his motion for a remedy under Rule 26.2, which incorporates the Jencks Act into the Federal Rules of Criminal Procedure. [Doc. 25 at 18]. At the evidentiary hearing, Defendant made a motion under Rule 26.2 for the United States to produce text messages that witness Trooper Connors sent during the traffic stop. [Doc. 23 at 27–28]. The Magistrate Judge instructed the Trooper to produce the messages, but they were no longer on the Trooper's phone. [*Id.* at 43–44]. Having ordered the United States to perform a diligent search for the text messages, the Magistrate Judge concluded that no remedy was warranted under the circumstances of the case. [*Id.* at 48]. In his objection, Defendant argues that the Magistrate Judge "improperly impeded [his] ability to meaningfully test Trooper Connors' credibility and any underlying facts surrounding the conduct of his search." [Doc. 25 at 21].

Rule 26.2 provides that the court, on motion of a party who did not call the witness, shall order the production of "any statement of the witness that is in [the nonmoving party's] possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a). "If the government makes a conscious and knowing choice to withhold Jencks Act material, a district court must either strike the testimony of the witness whose statement was not released or grant a new trial." *United States v. Defranco*, 30 F.3d 664, 667 (6th Cir. 1994). "However, if the

government's failure to turn over the Jencks Act material is inadvertent or merely negligent, the court may apply whatever remedy it deems just in the circumstances." *Id.* (citing *United States v. Pope*, 574 F.2d 320, 325 (6th Cir.)).

Defendant's objection is without merit. To begin with, the text messages were not in the United States' possession and likely no longer existed at the time of the hearing. There is no evidence that the United States made a conscious and knowing choice to withhold the text messages. And the text messages had no direct relevance to the issue before the Court, which was the legality of the search. Even if the text messages could have been used to impeach Trooper Connors, the validity of the search did not depend on the credibility of his testimony, since the traffic stop was recorded on video. Given that Defendant was not prejudiced by the absence of the text messages and there is no indication that the government acted in bad faith, the Court agrees with the Magistrate Judge that no remedy was required. Therefore, this objection is **OVERRULED**.

## III. CONCLUSION

For the reasons stated above, Defendant's Objections to the Report and Recommendation [Doc. 25] are **OVERRULED**; the Report and Recommendation [Doc. 20] is **ADOPTED in FULL**; and Defendant's Motion to Suppress [Doc. 16] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

7